UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re WILLBROS GROUP, INC. SECURITIES LITIGATION | § § § | Master File No. 4:14-cv-03084-KPE |
| | § | CLASS ACTION |
| | § | |
| This Document Relates To: | § § | |
| ALL ACTIONS. | § § | |
| | § | |

**STIPULATION AND AGREEMENT OF SETTLEMENT**

This Stipulation and Agreement of Settlement (together with all Exhibits hereto, the "Stipulation") is entered into this 13th day of April, 2018, between and among Lead Plaintiffs Wayne County Employees' Retirement System and City of Roseville Employees' Retirement System (on behalf of themselves and each of the Settlement Class Members) and Defendants Willbros Group, Inc. ("Willbros" or the "Company"), Randy R. Harl, Van A. Welch, and John T. McNabb (collectively, "Defendants"), by and through their undersigned attorneys.  This Stipulation is intended by the Settling Parties to fully, finally, and forever release, resolve, remise, discharge, and settle the Released Claims (as defined below) against the Released Parties (as defined below) upon and subject to the terms and conditions hereof and the approval of the United States District Court for the Southern District of Texas (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

WHEREAS:

A.      **The Action**

This litigation is a putative federal securities class action lawsuit asserting claims under the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.  It was commenced on October 28, 2014, in the United States District Court for the Southern District of Texas, the Honorable Keith P. Ellison presiding, as *Walters v. Willbros Group, Inc., et al.*, 4:14-cv-3084, alleging violations of the Exchange Act by Willbros, Randy R. Harl, and Van A. Welch.  On December 26, 2014, Margaret O'Byrne filed a related action in the United States District Court for the Southern District of Texas as *O'Byrne v. Willbros Group, Inc., et al.*, 4:14-cv-3693, also alleging violations of the Exchange Act by Willbros, Randy R. Harl, and Van A. Welch.

On January 30, 2015, the Court consolidated the two actions as *In re Willbros Group, Inc. Securities Litigation*, Master File No. 4:14-cv-3084-KPE (the "Action").  The same day, the Court

appointed Wayne County Employees' Retirement System and City of Roseville Employees' Retirement System as Lead Plaintiffs and appointed Lead Plaintiffs' chosen counsel, Robbins Geller Rudman & Dowd LLP as Lead Counsel and Edison, McDowell & Hetherington LLP as Liaison Counsel, pursuant to the Private Securities Litigation Reform Act of 1995, as amended.

On March 31, 2015, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws against Willbros, Randy R. Harl, Van A. Welch, and John T. McNabb.  On June 15, 2015, Lead Plaintiffs filed the Second Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "SAC") against Willbros, Randy R. Harl, Van A. Welch, and John T. McNabb to clarify certain allegations in the prior complaint. Lead Plaintiffs allege, among other things, that Defendants made materially false and misleading statements and omissions regarding the performance of two pipeline projects, the existence and effectiveness of internal controls, the Company's Q1 and Q2 2014 financials, and the Company's liquidity and debt covenant compliance, and that those statements and omissions artificially inflated Willbros' stock price and resulted in substantial damages to the Settlement Class.  From the outset of the Action, Defendants have denied all of these allegations and consistently maintained that Lead Plaintiffs cannot prove any element of securities fraud, including, but not limited to, falsity, scienter, and loss causation.

Accordingly, on July 27, 2015, all Defendants moved to dismiss the SAC.  Lead Plaintiffs responded on August 26, 2015, and Defendants replied on September 25, 2015.  After hearing oral argument on May 24, 2016, the Court granted in part and denied in part Defendants' motion to dismiss the SAC and dismissed the SAC except for the following alleged misrepresentations (referred to here according to the number by which the alleged misrepresentations are listed in Lead Plaintiffs' False Statement Chart, attached as Exhibit 2 to the SAC): #16, #18, #19-22, and the following assertion by Defendant McNabb in #23: "And it's changing this year, with the

- 2 -

performances really improving." On June 14, 2016, Defendants filed a Motion for Reconsideration, which Lead Plaintiffs opposed and which the Court denied on September 15, 2016. Meanwhile, on July 22, 2016, Defendants filed their Answer to Plaintiffs' Second Amended Consolidated Class Action Complaint.

After the Court's May 24, 2016 ruling on the motion to dismiss, the parties engaged in extensive discovery efforts. Ultimately, discovery involved the production and analysis of over one million pages of documents by Defendants, third parties and Lead Plaintiffs and depositions of approximately eleven fact witnesses and two experts.

While discovery was underway, Lead Plaintiffs filed their Motion for Class Certification on March 3, 2017. Defendants responded on June 2, 2017, Lead Plaintiffs replied on July 28, 2017, and Defendants filed a supplemental response in opposition on August 16, 2017. Lead Plaintiffs and Defendants supported their filings with expert reports and testimony from their respective experts, both of whom were deposed. The class certification motion remains pending.

Meanwhile, on June 30, 2017, Lead Plaintiffs filed a Motion for Reconsideration and Leave to Amend, seeking reconsideration of the Court's May 24, 2016 order and permission to further amend their complaint to reinstate the following alleged misrepresentations: #5, #6, #8, #9, #10, #12, #17, #24, #25, #26, #27, #29, and #30. Defendants filed their response in opposition on August 1, 2017, and Lead Plaintiffs filed their reply on August 22, 2017. On September 15, 2017, Lead Plaintiffs filed their proposed Third Amended Complaint in Further Support of Motion for Reconsideration and Leave to Amend. That motion also remains pending.

On October 3, 2017, Lead Plaintiffs filed a Motion to Compel Production of Documents by Defendants. Defendants filed their response in opposition on November 6, 2017, and Lead Plaintiffs filed their reply on December 1, 2017. That motion also remains pending.

- 3 -

**B.**     **The Settlement**

On December 5, 2017, Lead Plaintiffs and Defendants participated in a full-day mediation session in Los Angeles, CA before Robert Meyer, Esq. of JAMS.  Although that mediation was unsuccessful, the parties continued discussions with Mr. Meyer, and, on February 16, 2018, the parties agreed to a settlement in principle of the Action for financial consideration in the amount of $10,000,000.00 (Ten Million U.S. Dollars) subject to Court approval.  As of February 16, 2018, the parties also agreed to cancel then-scheduled depositions and to stay further litigation activity while they finalized the Settlement.

This Stipulation memorializes the agreement between the parties to fully and finally settle the Action and to fully release all Released Claims against the Defendants and the Released Parties with prejudice in return for specified consideration.

**C.**     **Defendants' Denials of Wrongdoing and Liability**

Throughout the course of the Action and in this Stipulation, Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever alleged or that could have been alleged in the Action.  Defendants have also denied, and continue to deny, *inter alia*, that Defendants engaged in any conduct that was subject to or violated the federal securities laws, that Lead Plaintiffs and the Settlement Class have suffered damages, that the price of Willbros securities was artificially inflated by reasons of alleged misrepresentations, non-disclosures, or otherwise, and that Lead Plaintiffs and the Settlement Class were harmed by the conduct alleged in the Action.  Defendants continue to believe the claims and allegations asserted against them in the Action are without merit and maintain that they have meritorious defenses.

Nonetheless, Defendant Willbros has concluded that further conduct of the Action would be protracted and expensive and has taken into account the uncertainties, risks, burden, and expense inherent in any litigation, especially in complex cases like the Action.  Defendant Willbros has

therefore determined that it is desirable and beneficial to settle the Action in the manner and upon the terms and conditions set forth in this Stipulation, and Defendants have agreed to enter into this Stipulation solely to avoid the uncertainties, burden, and expense of further litigation and to put the Released Claims to rest finally and forever.  Neither this Stipulation nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall constitute or be construed as an admission or finding of any wrongdoing, fault, liability, or damages whatsoever by either Defendants or any of the Released Parties.

> **D.    Claims of Plaintiffs and Benefits of Settlement**

Lead Plaintiffs believe that the claims asserted in the Action have merit.  Lead Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Lead Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation.  In particular, Lead Plaintiffs have considered the inherent problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses that have been or could be asserted by Defendants during the litigation, motion for summary judgment, motion for class certification, and trial.  Lead Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the Lead Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants (by and through their respective undersigned counsel) that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled, and released; the Action shall be dismissed with prejudice; and the Released

Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows:

1.     **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1     "Action" means collectively the consolidated putative class actions captioned *In re Willbros Group, Inc. Securities Litigation*, Master File No. 4:14-cv-3084-KPE.

1.2     "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation:  escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the Notice and Proof of Claim as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants.  Such costs do not include legal fees.

1.3     "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the Exhibits hereto, and any order of the Court.

1.4     "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

1.5     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6     "Claims" means any and all manner of claims, debts, demands, controversies, obligations, losses, costs, interest, penalties, fees, expenses, rights, duties, judgments, sums of money, suits, contracts, agreements, promises, damages, causes of action, and liabilities, of every nature and description in law or equity (including, but not limited to, any claims for damages

- 6 -

(whether compensatory, special, incidental, consequential, punitive, exemplary, or otherwise), injunctive relief, declaratory relief, recession or recessionary damages, interest, attorneys' fees, expert or consulting fees, costs, or expenses), accrued or unaccrued, known or unknown, arising under federal, state, common, administrative, or foreign law, or any other law, rule, or regulation.

1.7     "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.8     "Common Stock" means the shares of common stock of Willbros Group, Inc.

1.9     "Defendants" means Willbros Group, Inc., Randy R. Harl, Van A. Welch, and John T. McNabb.

1.10     "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11     The "Escrow Agent" is Robbins Geller Rudman & Dowd LLP or its successor(s). The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12     "Effective Date" shall have the meaning set forth in ¶10.3 of this Stipulation.

1.13     "Final" means when the last of the following with respect to the Final Judgment shall occur:  (i) the expiration of the time to file a motion to alter or amend the Final Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Final Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Final Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next Business Day after such 30th day; and (iii) if a motion to alter or amend or for reconsideration is filed, or if an appeal is taken, the

- 7 -

determination of that motion or that appeal in such a manner that affirms and leaves in place the Final Judgment without any material modification and substantially in accordance with the terms and conditions of this Stipulation, and the time, if any, for commencing any further motion or appeal has expired.  For purposes of this paragraph, an "appeal" shall include any petition for writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement but shall not include any appeal that concerns only the issue of attorneys' fees and payment of litigation costs and expenses, payments to Lead Plaintiffs, or the Plan of Allocation of the Net Settlement Fund.

1.14    "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action with prejudice, materially in the form attached hereto as Exhibit B.

1.15    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

1.16    "Lead Plaintiffs" means Wayne County Employees' Retirement System and City of Roseville Employees' Retirement System as identified in the opening paragraph of the SAC.

1.17    "Lead Plaintiffs' Counsel" means any attorney or firm who has appeared in the Action on behalf of Lead Plaintiffs or the Settlement Class.

1.18    "Liaison Counsel" means McDowell Hetherington LLP f/k/a Edison, McDowell & Hetherington LLP.

1.19    "Notice" means the "Notice of Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

1.20    "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and who have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

1394264_3

1.21    "Person" means an individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.22    "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Costs, Taxes, and Tax Expenses, and such attorneys' fees, costs, and expenses as may be awarded by the Court.  Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.23    "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement, certifying the Settlement Class for settlement purposes only, and directing notice thereof to the Settlement Class, substantially in the form attached hereto as Exhibit A.

1.24    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.25    "Related Persons" means, with respect to each Released Party, the immediate family members, heirs, executors, administrators, successors, assigns, employees, officers, directors, attorneys, legal representatives, accountants, insurers, reinsurers, and agents of each of them, and any person or entity that is or was related to or affiliated with any Released Party or in which any Released Party has a controlling interest, and the present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and the employees, officers, directors, attorneys, assigns, legal representatives, insurers, reinsurers, and agents of each of them.

1.26    "Released Claims" means and includes any and all Claims and Unknown Claims (as defined in ¶1.38) that Lead Plaintiffs or any other member of the Settlement Class (a) asserted in any

pleadings or briefs filed in the Action, or (b) could have asserted on behalf of any of the Releasing Parties (as defined in ¶1.29) in any capacity in any forum that arise out of, relate in any way to, are connected with, or are in any way based upon both (i) the allegations, transactions, facts, matters, occurrences, representations, or omissions involved in, set forth in, or otherwise related, directly or indirectly, to any pleadings or briefs filed by any party in the Action (including, but not limited to, all claims that arise out of, relate in any way to, are connected with, or are in any way based on any disclosures, public filings, registration statements, or other statements by Willbros or its officers, directors, employees, or agents before or during the Settlement Class Period), and (ii) the purchase or acquisition of Willbros securities during the Settlement Class Period.  Notwithstanding the foregoing, "Released Claims" does not include any derivative or ERISA claims, or claims to enforce the terms of this Stipulation or orders or judgments issued by the Court in connection with this Settlement.

1.27    "Released Defendants' Claims" means any and all claims, rights, duties, controversies, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, losses, judgments, liabilities, allegations, arguments, and causes of action of every nature and description (including Unknown Claims), whether arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, at law or in equity, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Action, except for claims relating to the enforcement of the Settlement.

1.28    "Released Parties" means Willbros Group, Inc., Randy R. Harl, Van A. Welch, and John T. McNabb, and each and all of their Related Persons, including all of Willbros' current and former officers, directors, and employees.

1.29    "Releasing Parties" means Lead Plaintiffs, each and every Settlement Class Member, and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

1.30    "Settlement" means the settlement contemplated by this Stipulation.

1.31    "Settlement Amount" means the sum of $10,000,000.00 (Ten Million U.S. Dollars). The Settlement Amount includes all Administrative Costs, Lead Plaintiffs' Counsel's attorneys' fees and expenses (as determined by the Court), Settlement Class Member benefits, as well as any other costs, expenses, or fees of any kind whatsoever associated with the Settlement, except for the costs incurred by Defendants in connection with providing notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq.* ("CAFA").

1.32    "Settlement Class" means all persons who purchased or otherwise acquired the Common Stock of Willbros Group, Inc. during the Settlement Class Period.  Excluded from the Settlement Class are Defendants; any officers or directors of Willbros during the Settlement Class Period and any current officers or directors of Willbros; any corporation, trust, or other entity in which any Defendant has a controlling interest; and the members of the immediate families of Randy R. Harl, Van A. Welch, and John T. McNabb and their legal representatives, heirs, successors, or assigns.  Also excluded from the Settlement Class are Opt-Outs.

1.33    "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

1.34    "Settlement Class Period" means the period from February 28, 2014 through March 17, 2015, inclusive.

1.35    "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

1.36    "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable, and adequate, and, therefore, should receive final approval from the Court.

1.37    "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants Willbros Group, Inc., Randy R. Harl, Van A. Welch, John T. McNabb, and Lead Plaintiffs (on behalf of themselves and the Settlement Class).

1.38    "Unknown Claims" means all Claims of every nature and description that any Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in its, his, or her favor at the time of the release of the Released Parties and any and all Released Defendants' Claims that the Released Parties do not know or suspect to exist, in his or its favor at the time of the release of the Releasing Parties, which, if known by it or him, might have affected its or his settlement with and release of the Released Parties, or might have affected its, his, or her decision not to opt-out or object to this Settlement, or the settlement with and release of the Releasing Parties.

## 2.    The Settlement Consideration

2.1    In consideration of the full and final release, settlement, and discharge of all Released Claims against the Released Parties, Defendants shall cause the Settlement Amount to be transferred to the Escrow Account within fourteen (14) Business Days after the later of:  (i) entry of the Preliminary Approval Order, and (ii) provision to Defendants' counsel of the information necessary to effectuate a payment of funds, including all necessary wire and transfer information and instructions and a completed Form W-9.  To enable the timely payment of the Settlement Amount, Lead Counsel shall, no later than five (5) Business Days after entry of the Preliminary Approval Order, provide Defendants' counsel with wire instructions and a taxpayer identification number for the Escrow Account.

1394264_3

2.2     Other than provided for herein, under no circumstances will Defendants or any of their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member, as payment of attorneys' fees and expenses awarded by the Court, or in payment of any fees or expenses incurred by any Settlement Class Member or Lead Counsel.

**3.      Handling and Disbursement of Funds by the Escrow Agent**

3.1     No monies will be disbursed from the Settlement Fund until after the Effective Date except:

> (a)     As provided in ¶3.6 below;

> (b)     As provided in ¶8.2 below;

> (c)     As provided in ¶10.9 below, if applicable; and

> (d)     To pay Taxes and Tax Expenses (as defined in ¶4.1 below) on the income

earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent without prior order of the Court.

3.2     The Escrow Agent shall invest the Settlement Fund in short-term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall bear all responsibility and liability for managing the Escrow Account and cannot assign or delegate its responsibilities without approval of the Settling Parties.  Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Agent.  The

- 13 -

Settlement Fund shall bear all costs and risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶3.2.

3.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

3.4     Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any transaction executed by the Escrow Agent.

3.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6     Notwithstanding the fact that the Effective Date has not yet occurred, the Escrow Agent may pay up to $200,000 from the Settlement Fund the costs and expenses reasonably and actually incurred in connection with providing notice to members of the Settlement Class, mailing the Notice and Proof of Claim and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims ("Administrative Costs").  Prior to the Effective Date, payment of any Administrative Costs exceeding $200,000.00 shall require notice to and agreement from the Defendants, through Defendants' counsel, which agreement shall not be

- 14 -

unreasonably refused.  Subsequent to the Effective Date, without further approval by Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay all reasonable and necessary Administrative Costs.

**4.     Taxes**

4.1     The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, Lead Counsel or its designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶4.1, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel or its designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and, thereafter, to cause the appropriate filing to occur.

(a)     For purposes of §1.468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation §1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Lead Counsel or its designee.  Lead Counsel or its designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in this ¶4.1) shall be consistent with this ¶4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)     All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their insurers with respect to any income earned by

- 15 -

the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and all expenses and costs incurred in connection with the operation and implementation of this ¶4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as appropriate.  Defendants, their counsel, their insurers, and the other Released Parties shall have no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid out of the Settlement Fund without prior order from the Court.  The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld under Treasury Regulation §1.468B-2(l)(2)).  Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, no interest in, and no liability whatsoever with respect to the foregoing provided in this ¶4.1.  The Settling Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the provisions of this ¶4.1.

## 5.    Preliminary Approval Order, Notice, and Settlement Hearing

5.1    Promptly after execution of this Stipulation, Lead Counsel shall submit this Stipulation and its Exhibits to the Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation, entry of the Preliminary Approval Order, and approval for the mailing and dissemination of notice and publication of a summary notice, substantially in the forms of Exhibits A, A-1, A-2, and A-3 attached hereto.  The Notice (Exhibit A-1) shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general

- 16 -

terms of the Fee and Expense Application, and the date of the hearing to approve the Settlement of the Action as set forth herein (the "Settlement Hearing").  Lead Plaintiffs shall consult in good faith with Willbros as to the language of the motion and related pleadings seeking such Preliminary Approval Order.

5.2     At the time of the submission described in ¶5.1 hereof, Lead Counsel shall request that, after notice is provided to the Settlement Class, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein, and (ii) enter a final order and judgment, substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**6.     Releases and Covenants Not to Sue**

6.1     Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors, and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Parties (whether or not such Releasing Parties execute and deliver the Proof of Claim) any and all Released Claims, as well as any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Claims.

6.2     Upon the Effective Date, the Releasing Parties shall have covenanted not to sue any Released Party with respect to any and all Released Claims, as well as any claims arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Claims, and shall be permanently barred and enjoined from instituting, commencing, instigating,

- 17 -

asserting, prosecuting, maintaining, assisting, or in any way participating in the commencement or prosecution of any action or proceeding in any forum or jurisdiction asserting against any Released Party any Released Claim or any claim arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action or the Released Claims.  Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

6.3	Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Plaintiffs' Counsel.  Claims to enforce the terms of this Stipulation are not released.

6.4	With respect to any and all Released Claims and Released Defendants' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Settling Parties also shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state, territory, foreign country, or principle of common law, similar, comparable or equivalent to California Civil Code §1542.  The Settling Parties acknowledge that they may hereafter discover facts in addition to or different from

- 18 -

1394264_3

those which it, he, or she or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but the Settling Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims and Released Defendants' Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  The Settling Parties acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

6.5    The Proof of Claim to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

**7.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

7.1    Under the supervision of Lead Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall provide notice of the Settlement to the Settlement Class Members, administer and calculate the claims submitted by Settlement Class Members, and oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

1394264_3

7.2     Defendants and their counsel shall make good faith efforts to provide within five (5) Business Days following the entry of the Preliminary Approval Order, and without any charge to Lead Plaintiffs or the Settlement Class, shareholder lists, as appropriate for providing notice to the Settlement Class.  In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, to be mailed by the Claims Administrator to all shareholders of record or nominees.  The Notice and Proof of Claim shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Preliminary Approval Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, also will be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

7.3     The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation; the general terms of the Fee and Expense Application; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or Fee and Expense Application; the right to appear at the Settlement Hearing; and the right to request exclusion from the Settlement Class.

7.4     Subject to the terms of this Stipulation and any orders of the Court, the Settlement Fund shall be applied as follows:

(a)     to pay the Taxes and Tax Expenses described in ¶4.1 above;

(b)     to pay all Administrative Costs;

(c)     to pay Lead Plaintiffs' Counsel's attorneys' fees and expenses and payments to the Lead Plaintiffs for reimbursement of their time and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

(d)      to distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶7.4(a), (b), and (c) hereof (the "Net Settlement Fund"), plus all accrued interest, to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.5      Upon and after the Effective Date, and in accordance with the terms of this Stipulation, the Plan of Allocation set forth in the Notice, and any orders of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶7.6–7.12 hereof.

7.6      Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked (if mailed) or received (if filed electronically) by no later than one hundred twenty (120) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

7.7      Except as otherwise ordered by the Court, all Settlement Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Final Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

7.8     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to ¶7.10 below.   Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

7.9     Proof of Claim forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted.  The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely manner and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶7.10 below.

7.10     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶7.9 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice of statement of reasons indicating the Claimant's grounds for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

7.11     Each Claimant who declines to be excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will

be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Proof of Claim, no discovery shall be allowed on the merits of the Action or the Settlement.

7.12    This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Willbros, Randy R. Harl, Van A. Welch, or John T. McNabb or their insurers or any other Person funding this Settlement.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00, in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis*, and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

7.13    Defendants, their counsel, their insurers, and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the processing, review, determination, administration, or calculation of any claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

7.14    No Person shall have any claims against Lead Plaintiffs, Lead Counsel, Released Parties, Defendants' counsel, or the Claims Administrator based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Lead Counsel shall have the right, but not the

1394264_3

obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part or condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation or affect or delay the finality of the Final Judgment approving the Stipulation and the Settlement set forth therein, the releases contained therein, or any other orders entered pursuant to this Stipulation.  Settlement Class Members shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

## 8.    Lead Counsel's Attorneys' Fees and Expenses

8.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Lead Counsel for: (i) an award of attorneys' fees from the Settlement Fund; (ii) payment of litigation costs and expenses, including the fees and expenses of any experts or consultants, incurred in connection with prosecuting the Action; and (iii) payments to Lead Plaintiffs for reimbursement of their time and expenses in connection with the Action.   Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the Court shall be paid to Lead Counsel from the Settlement Fund immediately after the date the Court enters the Final Judgment and an order awarding such fees and expenses,

notwithstanding any objections to or appeals of such order or of the Final Judgment.  In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Lead Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund.  Lead Plaintiffs' Counsel, on behalf of their firms and each partner and/or shareholder of their firms, agree that the law firms and their respective partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of attorneys' fees and expenses awarded by the Court.  Furthermore, without limitation, Lead Counsel and each such firm's partners and/or shareholders agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against that firm or any of its partners and/or shareholders should any of them fail timely to repay fees and expenses pursuant to this paragraph.  Any amounts awarded by the Court to Lead Plaintiffs for reimbursement of their time and expenses shall not be paid from the Settlement Fund until after the Effective Date.

8.3     The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceeding relating to the Fee and Expense Application, or any objection to, motion regarding, or appeal from any order or

- 25 -

proceeding relating thereto, or reversal or modification thereof, shall not operate to modify, terminate, or cancel this Stipulation or affect or delay the finality of the Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

8.4     Any award of attorneys' fees and/or expenses to Lead Counsel or reimbursement payments to Lead Plaintiffs shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly.  No Defendant shall have any responsibility for payment of Lead Counsel's attorneys' fees and expenses or other awards to Lead Plaintiffs beyond the obligation of Defendants to cause the funding of the Settlement Amount as set forth in ¶2.1 above.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Lead Counsel, Lead Plaintiffs, the Settlement Class, and/or any other Person who receives payment from the Settlement Fund.

**9.      Class Certification**

9.1     In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all rights on all issues, including class certification.   For purposes of this Settlement only, in connection with the Final Judgment, Defendants shall consent to:  (i) the appointment of Lead Plaintiffs as the class representatives, (ii) the appointment of Lead Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

**10.     Conditions of Settlement and Effect of Disapproval, Cancellation, or Termination**

10.1    Lead Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of its or his election to do so ("Termination Notice") to all other Settling Parties within seven (7) Business Days of:

- 26 -

(a)     entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(b)     entry of a Court order refusing to approve this Stipulation in any material respect;

(c)     entry of a Court order declining to enter the Final Judgment in any material respect;

(d)     entry of a Court order refusing to dismiss the Action with prejudice;

(e)     entry of an order by which the Final Judgment is modified or reversed in any material respect by any appeal or review; or

(f)     failure on the part of any Settling Party to abide, in material respect, with the terms of this Stipulation.  In the absence of any of the events enumerated in the preceding sentence, ¶10.2, ¶10.5, or ¶10.6, no Party shall have the right to terminate the Stipulation for any reason.

10.2     If the Settlement Amount is not paid into the Escrow Account in accordance with ¶2.1 of this Stipulation, then Lead Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to:  (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

10.3     The Effective Date of this Stipulation ("Effective Date") shall not occur unless and until each of the following events occurs, and it shall be the date upon which the last in time of the following events occurs:

(a)     Defendants have not exercised their option to terminate the Settlement pursuant to ¶10.5;

- 27 -

(b)     the Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

(c)     the sum of $10,000,000.00 (Ten Million U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶2.1;

(d)     the Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment;

(e)     the Final Judgment has become Final as defined in ¶1.13; and

(f)     the Action has been dismissed with prejudice.

10.4    Upon the occurrence of the Effective Date, any and all interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

10.5    If, prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased or otherwise acquired Willbros Common Stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), then Defendants shall have, in their sole and absolute discretion, the option (which option must be exercised collectively) to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (hereinafter the "Supplemental Termination Option").  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until a dispute arises among the Settling Parties concerning its interpretation or

- 28 -

application.  If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the parties will seek to have the Supplemental Agreement submitted to the Court *in camera* or filed under seal.

10.6     If some or all of the conditions specified in ¶10.3 above are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated, unless all of the Settling Parties agree in writing to proceed with this Stipulation, except that Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶2.1.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party that it is in substantial compliance with the terms of this Stipulation may terminate this Stipulation on notice to all of the Settling Parties.

10.7     In the event the Stipulation shall terminate or be canceled or shall not become effective for any reason, then the Settling Parties shall be restored to their respective positions in the Action immediately prior to April 13, 2018, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and, in that event, all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

10.8     In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, then the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in

- 29 -

any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated *nunc pro tunc*.

10.9   In the event the Stipulation shall be terminated or be canceled or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund (less taxes already paid and any Administrative Costs which have either been disbursed or are determined to be chargeable) plus accrued interest shall be refunded by the Escrow Agent to the payee(s) by check or wire transfer.  At the request of Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the payee(s).

10.10   No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

## 11.   No Admission of Liability or Wrongdoing

11.1   The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability, or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding.  This Stipulation is not a finding or evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by any Settling Party, any Settlement Class Member, or any of the Released Parties, or any damages or injury to any Settling Party, any Settlement Class Member, or any Released Parties.  Neither this Stipulation, nor the Supplemental

Agreement, nor any of the terms and provisions of this Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in connection therewith, nor any of the documents or statements referred to herein or therein, nor the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement in connection therewith, (a) shall (i) be argued to be, be used as, be construed as, be offered or received in evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a finding of any, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of any Released Party, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to create or give rise to any inference or presumption against any of the Released Parties concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to, or used in any proceeding of any nature, for any purpose whatsoever; *provided*, *however*, that the Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any proceeding, whether in the Court or otherwise, as may be necessary to enforce the Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

### 12.    Miscellaneous Provisions

12.1    Except in the event of the filing of a Termination Notice pursuant to ¶¶10.1, 10.2, 10.5 or 10.6 of this Stipulation or a termination notice in accordance with the parties' Supplemental Agreement, the Settling Parties acknowledge that it is their intent to consummate this Stipulation and agree to cooperate with each other to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

12.2    The Settling Parties and their counsel represent that they will not encourage or otherwise influence (or seek to influence) any Settlement Class Members to request exclusion from, or object to, the Settlement.

12.3    Each of the attorneys executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any Settling Party hereto hereby warrants and represents that he or she has been duly empowered and authorized to do so by the Settling Party he or she represents.

12.4    Lead Plaintiffs and Lead Counsel represent and warrant that the Lead Plaintiffs are Settlement Class Members and none of Lead Plaintiffs' claims or causes of action against one or more Defendants in the Action, or referred to in this Stipulation, have been assigned, encumbered, or in any manner transferred in whole or in part.

12.5    This Stipulation, together with the Supplemental Agreement, constitutes the entire agreement between the Settling Parties related to the Settlement and supersedes any prior agreements.  No representations, warranties, promises, inducements, or other statements have been made to or relied upon by any Settling Party concerning this Stipulation, other than the representations, warranties, and covenants expressly set forth herein and in the Supplemental Agreement.  Lead Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  In entering this Stipulation, the Settling Parties relied solely upon their own knowledge and investigation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

12.6    This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

12.7    This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

12.8    The Released Parties who do not appear on the signature lines below, including, but not limited to, Willbros Group, Inc., Randy R. Harl, Van A. Welch, and John T. McNabb, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

12.9    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

12.10   This Stipulation may be executed in any number of counterparts by any of the signatories hereto, and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

12.11   This Stipulation, the Settlement, the Supplemental Agreement, and any and all disputes arising out of or relating in any way whatsoever to this Stipulation, whether in contract, tort, or otherwise, shall be governed by and construed in accordance with the laws of the State of Texas without regard to conflict of laws principles.

12.12   The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

12.13   The Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

1394264_3

12.14   All agreements by, between, or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged by, between, or among them shall remain in full force and effect and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

12.15   The Settling Parties shall not assert or pursue any action, claim, or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, the Stipulation, or the Supplemental Agreement.  Lead Plaintiffs and the Settlement Class will not make applications against the Released Parties, and Defendants will not make applications against Lead Plaintiffs or the Settlement Class, for fees, costs, or sanctions pursuant to Rule 11, Rule 37, Rule 45, or any other court rule or statute with respect to any Claims or defenses in the Action or any aspect of the institution, prosecution, or defense of the Action.  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.  The Judgment will contain a finding that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

12.16   Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

1394264_3

12.17   The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

12.18   The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  April 13, 2018.

BAKER BOTTS L.L.P.

By: _____

*Of Counsel*:
Danny David
Texas Bar No. 24028267
danny.david@bakerbotts.com
Amy Hefley
amy.hefley@bakerbotts.com
Texas Bar No. 24046046
Benjamin A. Geslison
Texas Bar No. 24074269
ben.geslison@bakerbotts.com
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana St.
Houston, TX  77002
Tel: 713-229-1234

David D. Sterling
*Attorney-in-Charge*
Texas Bar No. 19170000
One Shell Plaza
910 Louisiana St.
Houston, TX  77002
Tel: 713-229-1946
Fax: 713-229-7946
david.sterling@bakerbotts.com

*Counsel for Defendants*

1394264_3

ROBBINS GELLER RUDMAN & DOWD LLP

*Of Counsel*:
Matthew Melamed
mmelamed@rgrdlaw.com
Kenneth J. Black
kennyb@rgrdlaw.com
ROBBINS GELLER RUDMAN & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel: 415-288-4545
Fax: 415-288-4534

Jason A. Richardson
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2700
Houston, TX 77002
Tel:  713-337-5580
Fax: 713-337-8850
jason.richardson@mhllp.com

By: _____

Dennis J. Herman
*Attorney-in-Charge*
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Tel: 415-288-4545
Fax: 415-288-4534
dennish@rgrdlaw.com

*Counsel for Plaintiffs*

- 36 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 13, 2018.

  s/ Dennis J. Herman
 DENNIS J. HERMAN

ROBBINS GELLER RUDMAN
   & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email: dennish@rgrdlaw.com

# Mailing Information for a Case 4:14-cv-03084 Walters v. Willbros Group, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Kenneth J Black**
  kennyb@rgrdlaw.com

- **Willie C Briscoe**
  wbriscoe@thebriscoelawfirm.com,bthompson@thebriscoelawfirm.com

- **Douglas R Britton**
  dougb@rgrdlaw.com,e_file_sd@rgrdlaw.com,ldeem@rgrdlaw.com

- **Paul R Elliott**
  paul.elliott@bakerbotts.com,paul-elliott-4394@ecf.pacerpro.com

- **James L Gascoyne**
  gascoyne@gbpclaw.com

- **Benjamin A. Geslison**
  ben.geslison@bakerbotts.com,leigh-ann-bunker-8737@ecf.pacerpro.com,ben-geslison-8078@ecf.pacerpro.com,leigh.ann.bunker@bakerbotts.com

- **R. Dean Gresham**
  dean@stecklerlaw.com

- **Amy Pharr Hefley**
  amy.hefley@bakerbotts.com,amy-hefley-7007@ecf.pacerpro.com,leigh-ann-bunker-8737@ecf.pacerpro.com,leigh.ann.bunker@bakerbotts.com

- **Dennis J Herman**
  dennish@rgrdlaw.com,smorris@rgrdlaw.com,E_File_SD@rgrdlaw.com,ptiffith@rgrdlaw.com,E_File_SF@rgrdlaw.com

- **Phillip Kim**
  pkim@rosenlegal.com

- **Matthew S. Melamed**
  mmelamed@rgrdlaw.com

- **Jason Anthony Richardson**
  jason.richardson@mhllp.com,bettina.chavez@mhllp.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com

- **David James Sacks**
  david@sackslawfirm.com,brandaldousay@sackslawfirm.com

- **David D Sterling**
  david.sterling@bakerbotts.com,david-sterling-4418@ecf.pacerpro.com,leslie.buenzow@bakerbotts.com,leigh-ann-bunker-8737@ecf.pacerpro.com,leigh.ann.bunker@bakerbotts.com,leslie-buenzow-9672@ecf.pacerpro.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`