United States District Court
Southern District of Texas

**ENTERED**

August 03, 2018

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| In re WILLBROS GROUP, INC. SECURITIES LITIGATION | § § § § | Master File No. 4:14-cv-03084-KPE |
| _____ | § | CLASS ACTION |
| This Document Relates To: | § § § | |
| ALL ACTIONS. | § § § | |
| _____ | § | |

**· ORDER AND FINAL JUDGMENT**

On the 2nd day of August, 2018, a hearing having been held before this Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice dated April 18, 2018 (the "Preliminary Approval Order"), to determine: (1) whether the Settlement Class should be certified; (2) whether the terms and conditions of the Stipulation and Agreement of Settlement dated April 13, 2018 (the "Stipulation"), are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against the Defendants in the operative complaint now pending in this Court under the above caption (the "Action"), including the release of the Released Parties, and should be approved; (3) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants herein and as against all persons or entities who are members of the Settlement Class herein who have not timely and validly requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the Settlement proceeds among the members of the Settlement Class; and (5) whether and in what amount to award Lead Plaintiffs' Counsel fees and expenses and Lead Plaintiffs' expenses; the Court having considered all matters submitted to it at the hearing and otherwise; it appearing that a notice of the hearing, substantially in the form approved by the Court, was mailed to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Willbros Group, Inc. ("Willbros") Common Stock during the period from February 28, 2014 through March 17, 2015, inclusive (the "Settlement Class Period"), as shown by the records compiled by the Claims Administrator in connection with its mailing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing, substantially in the form approved by the Court, was published pursuant to the Preliminary Approval Order as set forth in the Declaration of Carole K. Sylvester, and the Supplemental Declaration of Carole K. Sylvester; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested by Lead Counsel.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.       This Final Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth and defined in the Stipulation, unless otherwise set forth herein.

2.       This Court has jurisdiction over the subject matter of this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Lead Plaintiffs, all Settlement Class Members, and Defendants.

3.       Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort.  The Court finds that the form and method of notifying the Settlement Class of the pendency of this Action as a class action and of the terms and conditions of the proposed Settlement:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Lead Counsel's application for fees and expenses and Lead Plaintiffs' expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's application for fees and expenses and Lead Plaintiffs' expenses; (v) the right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), Section 21 of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4, *et seq.*, as amended, and all other applicable laws and rules.

4.     Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715 *et seq.* Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of all States in which members of the Settlement Class reside. The notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. §1715.

5.     The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of all Persons who purchased or otherwise acquired the Common Stock of Willbros during the period from February 28, 2014 through March 17, 2015, inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; any officers or directors of Willbros during the Settlement Class Period and any current officers or directors of Willbros; any corporation, trust, or other entity in which any Defendant has a controlling interest; the members of the immediate families of Randy R. Harl, Van A. Welch, and John T. McNabb and their legal representatives, heirs, successors, or assigns. If a person were to have opted out of the Settlement Class, they would also be excluded from the Settlement Class definition. There have been no opt outs.

6.     Pursuant to Federal Rule of Civil Procedure 23, and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiffs as Class Representatives for the Settlement Class; and finally appoints Lead Counsel Robbins Geller Rudman & Dowd LLP as Class Counsel for the Settlement Class.

7.     Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein, and

- 3 -

the dismissal with prejudice of the claims asserted in the Action), and finds that the Settlement is, in all respects, fair, reasonable, adequate, and in the best interests of the Settlement Class. Subject to the terms and provisions of the Stipulation and the conditions therein being satisfied, the parties are directed to consummate the Settlement pursuant to the terms of the Stipulation.

8.      All of the claims asserted in the Action are hereby dismissed in their entirety with prejudice.   The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiffs, Defendants, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

10.      The releases as set forth in ¶¶6.1-6.4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.38 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

11.      Upon the Effective Date, Lead Plaintiffs and each and all of the Settlement Class Members who have not timely opted out of the Settlement Class are hereby permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants or any Released Parties in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims, regardless of whether such Settlement Class Member executes and delivers a Proof of Claim.

12.      Upon the Effective Date, Lead Plaintiffs shall, and each of the Settlement Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and

forever released, relinquished, and discharged all Released Claims against the Released Parties. Lead Plaintiffs and each Settlement Class Member are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation. The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

13.    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Defendants' Claims.

14.    Neither this Judgment, the Stipulation (whether or not consummated), including the Exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), nor any of its terms and provisions, nor any of the negotiations, discussions, or proceedings connected with the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation, or the Settlement (including any arguments proffered in connection therewith), nor any of the documents or statements referred to therein nor any payment or consideration provided for therein, shall be:

(a)    offered or received against the Released Parties as evidence of, or construed as or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by the Lead Plaintiffs or the validity of any claim that has been or could have been asserted in this Action or in any other litigation alleging a Released Claim, or the deficiency of any defense that has been or could have been asserted in this Action or in

any other litigation alleging a Released Claim, or of any liability, negligence, fault or wrongdoing of any kind of the Released Parties;

(b)      offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties;

(c)      offered or received against the Released Parties as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)      offered or construed as evidence that a class should or should not be certified in the Action if the Settlement is not consummated;

(e)      construed against the Released Parties as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(f)      construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Released Parties have any merit or that damages recoverable under the operative complaint would not have exceeded the Settlement Fund.

15.      Notwithstanding the provisions of the preceding paragraph, the Released Parties and their respective counsel may refer to or file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any

other theory of claim preclusion or issue preclusion or similar defense or counterclaim or otherwise to enforce the terms of the Settlement.

16.    The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $10,000,000.00 to the Settlement Fund.

17.    The Court finds and concludes that the Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants, and Defendants' counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and/or settlement of this Action.

18.    Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall be entered regarding approval of a plan of allocation and Lead Counsel's application for an award of attorneys' fees and expenses.

19.    Any appeal or any challenge affecting the approval of:  (a) the Plan of Allocation submitted by Lead Counsel; and/or (b) this Court's approval regarding any attorneys' fee and expense applications shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

20.    Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, the Lead Plaintiffs and Settlement Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Judgment, including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the members of the Settlement Class.

21.    In the event that the Settlement does not become Effective in accordance with the terms of the Stipulation, or is terminated pursuant to ¶10.5 of the Stipulation, ¶¶10.6-10.9 of the Stipulation shall apply and this Judgment shall be rendered null and void to the extent provided by

and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to April 13, 2018.

22.     Without further order of the Court, the parties to the Stipulation are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any Exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the parties to the Stipulation may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23.     There is no just reason for delay in the entry of this Judgment as a final judgment in this Action and immediate entry by the Clerk of the Court is expressly directed.

DATED:   _7 August 2018_

_____
THE HONORABLE KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE